IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  STEPHEN N. BATTLE,                    )<br>                                                             )<br>       Plaintiff,                                    )<br>                                                             )<br>vs.                                                      )<br>                                                             )<br>1.  JAMES HODGE HYUNDAI, INC., a    )<br>     domestic for profit business corporation,  )<br>                                                             )<br>2.  JACK HODGE, an individual,             )<br>                                                             )<br>3.  MARK FORD, an individual,             )<br>                                                             )<br>       Defendants.                              )  | Case No. _____<br><br>*Jury Trial Demanded*<br><br>*Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** Stephen N. Battle, Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2013) and 28 U.S.C.A. § 1343(a)(4) (West 2013), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2013).

2. Venue is appropriate as all incidents alleged herein occurred within the Eastern District of Oklahoma.

3. Plaintiff Stephen N. Battle, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4. Defendant James Hodge Hyundai, Inc. ("JHH"), at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic for profit business corporation operating in and under the laws of the State of Oklahoma, was and is an employer

affecting commerce with fifteen (15) or more employees as defined under 42 U.S.C.A. § 2000e(f), and was and is a business operating in the City of Muskogee, Muskogee County, Oklahoma, and additionally, is one of several automobile dealerships under the umbrella of "James Hodge," which includes James Hodge Ford, James Hodge Toyota, James Hodge Chevy, and James Hodge Dodge /Chrysler /Jeep /Ram, in addition to the above-named Defendant.

5. Defendant Jack Hodge, at all times relevant to the claims alleged herein, upon information and belief, was and is a citizen of the State of Oklahoma and a resident of Muskogee County, Oklahoma, and further, holds a position within the upper echelons of the Hodge family of dealerships, including Defendant JHH, and has the authority to hire, fire, promote, demote, and establish policy for Defendant JHH.

6. Defendant Mark Ford, at all times relevant to the claims alleged herein, upon information and belief, was and is a citizen of the State of Oklahoma and a resident of Muskogee County, Oklahoma, and further, holds a position within the upper echelons of the Hodge family of dealerships, including Defendant JHH, and has the authority to hire, fire, promote, demote, and establish policy for Defendant JHH.

7. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

**PLAINTIFF'S STATEMENT OF THE FACTS**

8. Plaintiff Stephen N. Battle incorporates paragraphs 1 through 7 herein as if fully set forth verbatim.

9. Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant JHH within the meaning of 42 U.S.C.A. § 2000e(f), who worked as a Sales Manager

for JHH, which was located at 1330 North Main Street, City of Muskogee, Muskogee County, Oklahoma.

10. Further, Plaintiff has been at all times relevant to the claims alleged herein a member of a recognized protected class under applicable federal statutes and law, that being a person of African-American descent.

11. Plaintiff began his employment with Defendant JHH on or about October 6, 2011, in the position of Sales Manager.

12. During the time Plaintiff worked for JHH, he was subjected to racial harassment committed by Jack Hodge and Mark Ford, both of whom were and are in uppermost echelon of management for the Hodge family of auto dealerships.

13. Specifically, Hodge and Ford continually made disparaging remarks to Plaintiff about his hairstyle, which he kept in "dredlocks," a style that is current and prominent among African American males, and which was the hairstyle Plaintiff adorned at the time he was hired.

14. Plaintiff found the actions of Jack Hodge and Mark Ford, as described above in paragraph 13, offensive, and he informed Hodge and Ford that it was offensive.

15. Further, information was made known to Plaintiff through his direct supervisor, James Byrd, then General Manager of JHH, that Hodge and Ford did the following:

    a. Referred to Plaintiff as a "nigger" in conversations with Byrd and repeatedly suggested that Byrd discharge Plaintiff (Byrd refused to do so due to Plaintiff's exemplary job performance);

    b. Remarked to Byrd that they (Hodge and Ford) had received a number of complaints from customers that JHH had too many black employees;

      c.      Advised Byrd that Plaintiff would never be promoted to General Manager due to Plaintiff's race and hairstyle;

      d.      Complained aloud that because JHH had too many black salesmen the dealership was attracting too many low income and poor credit black customers.

16.    On March 9, 2013, Plaintiff, along with James Byrd, was discharged from employment with JHH, which is the subject of a lawsuit alleging retaliatory discharge under Title VII.[1]

17.    Just days after discharging Plaintiff, on March 13, 2013, JHH salesmen Karl Hulcher and Lamont Lee were called in to a conference room by the new General Manager, Dave Thompson, and were instructed to answer questions regarding Plaintiff and James Byrd, under oath, and as posited by JHH's attorney, who was accompanied by a certified shorthand reporter ("CSR").[2]

18.    Moreover, on the following day, another salesman, Leslie Cooper, was given the business card of JHH's attorney by Dave Thompson, with instructions to call said attorney.

---

[1] On August 26, 2014, James Byrd filed a Complaint in the Eastern District alleging retaliatory discharge against JHH. In said Complaint, Byrd chronicles observing Jack Hodge and Mark Ford subjecting two male employees, Mitchell Roseberry and Joseph Perrymore, to same sex harassment, and additionally, subjected Byrd to the same. Roseberry and Perrymore filed Charges of Discrimination with EEOC in April, 2011. *See* **CIV-14-350-RAW**.

[2] Similar to James Byrd, on August 26, 2014, Karl Hulcher filed a Complaint in the Eastern District alleging sexual harassment under Title VII. *See* **CIV-14-352-SPS**. Additionally, on that same date, Lamont Lee filed a Complaint in the Eastern District, alleging sexual harassment and race discrimination under Title VII and 42 U.S.C.A. § 1981. *See* **CIV-14-353-RAW.**

19.     Cooper called the attorney, and when Cooper refused to answer questions without counsel present, Cooper was threatened with being subpoenaed.[3]

20.     The facts described above are demonstrative of a pattern of workplace harassment that permeated the family of dealerships under the Hodge umbrella, previous to and including the times alleged herein, matters which were known to Plaintiff and the other complainants mentioned herein.

21.     Specifically, Plaintiff, Karl Hulcher, Leslie Cooper, Lamont Lee, and particularly James Byrd, were all aware of charges filed at EEOC by two former employees, Mitchell Roseberry and Joseph Perrymore, that colorably alleged same sex harassment amounting to a hostile work environment, and that those two matters were recently resolved at EEOC, just prior to Plaintiff and Byrd being discharged in early March, 2013, though neither Plaintiff nor the others know of the details of the resolution.

22.     James Byrd had personal knowledge of the facts alleged in the Roseberry and Perrymore Charges, in that Byrd was subjected to the same form of same sex harassment, and further, was approached by Jack Hodge and Mark Ford to make false statements to EEOC, averring that Byrd did not witness the acts of same sex harassment to which Roseberry, Perrymore, and Byrd himself were subjected by Hodge and Ford; Byrd refused to comply with Hodge's and Ford's request.

23.     Additionally, the remarks Plaintiff attributes herein to Jack Hodge and Mark Ford are consistent with those alleged to have been uttered by Byrd's replacement, General Manager Dave Thompson, which were directed toward Leslie Cooper and Lamont Lee, demonstrating

---

[3] Leslie Cooper has also filed a Complaint in the Eastern District on August 26, 2014, alleging claims identical to those of Lamont Lee. *See* **CIV-14-351-KEW**.

that denigrating race-based comments were used and tolerated by management at the Hodge family of auto dealerships, including JHH.

24.	Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days of his discharge.

25.	Pursuant to Plaintiff's complaint, EEOC issued a "Dismissal and Notice of Rights," or "Right to Sue Letter," on July 10, 2014, and this matter has been filed within ninety (90) days of its issuance.

**FIRST CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**
**TITLE VII, 42 U.S.C.A. §§ 2000e *et seq*.**
**AS TO DEFENDANT JHH**

26.	Plaintiff Stephen N. Battle incorporates paragraphs 1 through 25 herein as if fully set forth verbatim.

27.	Plaintiff, while an employee of Defendant JHH, was subjected to a hostile work environment by members of management, specifically, Jack Hodge and Mark Ford, through the use of pervasive, derogatory and unwelcome comments which were race-based, specifically, demeaning to people of African American descent, creating a workplace environment which a reasonable person would deem intolerable, and which Plaintiff did deem intolerable.

28.	As a result of the actions constituting a hostile work environment perpetrated by the highest ranking members of management at Defendant JHH, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. were violated, causing him injury.

**SECOND CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**
**42 U.S.C.A. § 1981**
**AS TO DEFENDANTS JHH /JACK HODGE /MARK FORD**

29. Plaintiff Stephen N. Battle incorporates paragraphs 1 through 28 herein as if fully set forth verbatim.

30. Plaintiff, while an employee of Defendant JHH, was subjected to a hostile work environment by members of management, specifically, Jack Hodge and Mark Ford, through the use of pervasive, derogatory and unwelcome comments which were race-based, specifically, demeaning to people of African American descent, creating a workplace environment which a reasonable person would deem intolerable, and which Plaintiff did deem intolerable.

31. As a result of the actions constituting a hostile work environment perpetrated by the highest ranking members of management at Defendant JHH, the rights of Plaintiff under 42 U.S.C. § 1981 were violated, causing him injury.

**THIRD CAUSE OF ACTION**
**UNLAWFUL DISCRIMINATION**
**TITLE VII, 42 U.S.C.A. §§ 2000e *et seq*.**
**AS TO DEFENDANT JHH**

32. Plaintiff Stephen N. Battle incorporates paragraphs 1 through 31 herein as if fully set forth verbatim.

33. Defendant JHH, by and through Jack Hodge and Mark Ford, discharged Plaintiff from his position as Sales Manager at JHH.

34. Plaintiff's race was a determinative factor in Defendant JHH's in Defendant's decision to discharge Plaintiff.

35. As a result of the race-based discharge perpetrated by the highest ranking members of management at Defendant JHH, the rights of Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* were violated, causing him injury.

### FOURTH CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION
### 42 U.S.C.A. § 1981
### AS TO DEFENDANTS JHH /JACK HODGE /MARK FORD

36. Plaintiff Stephen N. Battle incorporates paragraphs 1 through 35 herein as if fully set forth verbatim.

37. Defendant JHH, by and through Jack Hodge and Mark Ford, discharged Plaintiff from his position as Sales Manager at JHH.

38. Plaintiff's race was a determinative factor in Defendant JHH's in Defendant's decision to discharge Plaintiff.

39. As a result of the race-based discharge perpetrated by the highest ranking members of management at Defendant JHH, the rights of Plaintiff under 42 U.S.C. § 1981 were violated, causing him injury.

### PUNITIVE AND EXEMPLARY DAMAGES

40. Plaintiff Stephen N. Battle incorporates paragraphs 1 through 39 herein as if fully set forth verbatim.

41. The acts and omissions by Defendants JHH, Jack Hodge, and Mark Ford, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

42. As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by

a jury commensurate with the financial resources available to Defendant, subject to applicable statutory caps, and sufficient to deter others similarly situated from like behavior.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Stephen N. Battle prays this Court to grant to him the following relief:

A.   Judgment against Defendants in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.   Punitive damages against Defendants to the extent permitted by law;

C.   Order Defendants to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.   Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid-Continent Tower, Suite 450
Tulsa, Oklahoma 74136
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Stephen N. Battle***